Before STATE INDUSTRIAL BOARD, Respondent.

EDWARD FITZGERALD, Respondent, *v.* J. E. HAVENS and Another, Appellants.

Third Department, September 26, 1924.

Workmen's compensation — total disability — continuing award on basis of total disability not sustained by evidence — reduction of award must, under Workmen's Compensation Law, § 14, be based on wages at time of injury.

The action of the State Industrial Board in continuing an award on the basis of total disability is not sustained by the evidence, since it appears that the claimant was able to perform some work at the time the award was continued.

A reduction in the award for total disability must, under section 14 of the Workmen's Compensation Law, be based upon the wages of the claimant at the time of the injury.

APPEAL by the defendants, J. E. Havens and another, from an award of the State Industrial Board, made on the 18th day of January, 1924.

*William H. Foster,* for the appellants.

*Carl Sherman,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

McCANN, J.:

On December 2, 1915, Edward Fitzgerald, at Wellsville, N. Y., fell from a scaffold, receiving injuries to his spine, pelvis and ribs. An agreement for compensation was entered into on the 29th of December, 1915, fixing a total disability payment at six dollars and fifteen cents a week. This agreement was approved and the payments were continued. A hearing was held on January 16, 1924, when an award was made that he was " totally disabled from December 2, 1915 to July 22, 1922, on which latter date

he was still disabled." Upon such finding the award was continued under date of March 26, 1924. The finding shows disability only to July 22, 1922, the date of the hearing at which the last testimony in the case was received. The evidence does not sustain the finding, nor does it show a total disability at the date of the hearing. In fact it appears by the testimony of Dr. Sesansky that an examination made by him in July, 1922, showed that claimant was able to do some work and that the percentage of work he was able to do was about thirty-three per cent, also that there were several kinds of jobs at which the claimant could work. He testified that in his opinion the claimant was disabled but not totally; that he could perform work in a sitting posture or even work that would require him to stand or walk some portion of the time, and that use of the lower extremities would tend to improve his condition. At a hearing held on May 11, 1922, Dr. Grant testified that claimant could not do any sort of work which necessitated carrying or lifting, but that he could perform duties of various kinds, enumerating them. He stated in his report made that day that he was certain that his disability was not total; that he seemed to lack initiative or even desire " to come back," and that he was not fair to himself and that he was physically capable of making some effort to restore himself and that he could improve himself very much with ordinary care and " salted with a little ambition." It was upon this testimony that the finding was made which continued the award from which the appeal is taken. It is apparent that the findings are contrary to the testimony. The award is small and if a new one is made it will necessitate a reduction under the testimony given. The claimant insists that such reduction would have to be based upon the wages of the injured employee at the time of the injury. (Workmen's Compensation Law, § 14.) There is no other basis for making such award and reduction.

Inasmuch as there is positive proof of earning capacity the award should be reversed and remitted to the State Board for further hearing, with costs against the State Industrial Board to abide the event.

All concur.

Award reversed and matter remitted to the State Industrial Board, with costs against said Board to abide the event.